IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EDMUND M. ABORDO, #A0080735, | ) | NO. 1:12-cv-00503 LEK/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RECONSIDERATION |
| | ) | |
| DEPT. OF PUBLIC SAFETY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

On September 7, 2012, Defendant initiated this prisoner civil rights action by filing a Notice of Removal pursuant to 28 U.S.C. § 1441(c). ECF #1. Plaintiff Edmund M. Abordo is a Hawaii prisoner incarcerated at the Saguaro Correctional Center (SCC), located in Eloy, Arizona. Before the court is Abordo's Motion for Reconsideration of this court's decision to sever his action from Plaintiff Cedric Ah Sing's action, which is now docketed as 1:12-cv-00599 LEK. *See* Order Severing Case, ECF #16. Abordo's Motion for Reconsideration is DENIED.[1]

### I.   BACKGROUND

Abordo and Ah Sing commenced this action as joint habeas petitioners in the state circuit court on July 26, 2012, alleging claims under Hawaii Rules of Penal Procedure 40. *See* Petition for Post-Conviction Relief, ECF #1-1. The state circuit

---

[1] Abordo purports to file this motion on his own and Ah Sing's behalf. Because Ah Sing has not signed the motion and has been severed from this action, the court considers the motion as to Abordo's action only.

court ordered Abordo's and Ah Sing's pleading to be treated as a civil complaint, because they "allege[d] neither illegality of judgment nor illegality of custody or restraint, but allege[] a civil rights action or some other cause of action." ECF #1-2, PageID #11-12; *see also*, Haw. R. Penal P. 40(c)(3).

Because the pleading alleged federal constitutional violations, Defendant removed the action to this court and moved to change venue. ECF #8. Abordo and Ah Sing jointly sought remand, ECF #6, and Abordo sought an injunction preventing prison officials from "separating" him from Ah Sing and allowing them to confer as needed to jointly litigate their case, ECF #14.

On October 31, 2012, the court denied Abordo's motion for injunctive relief and severed Abordo's and Ah Sing's cases. *See* ECF #15 (minute order), ECF #16 (written order entered Nov. 5, 2012).

On November 19, 2012, Abordo filed the present motion for reconsideration. ECF #18. On November 20, 2012, the court denied Abordo's and Ah Sing's motion for remand and granted Defendant's motion for change of venue. *See* Order, ECF #19 (docketed Nov. 21, 2012).

## II.  DISCUSSION

Abordo argues that: (1) "[u]nder 28 U.S.C. § 2242 . . . any person [may] file habeas corpus cases for any one;" (2) Hawaii's laws allow a person to file a habeas petition on behalf

of another; (3) Ah Sing and he have a First Amendment right to petition the government for redress of grievances; and (4) a prison "cannot prohibit prisoners from helping each other with legal matters unless they provide reasonable alternative forms of assistance." Mot. ECF #18 PageID #127.

**A. Standard of Review**

Generally, motions to reconsider are appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be directed to the court of appeals. *Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 309 (D. Ariz. 1992).

**B. Abordo May Not Proceed as Ah Sing's "Next Friend" in This Civil Rights Action**

This case is not proceeding under 28 U.S.C. § 2254 as a habeas action nor is it proceeding in the Hawaii state courts as such. The state court deemed it a civil action and this court has reviewed that determination over Abordo's objections and

accepted it as a prisoner civil rights action.  *See* Order, ECF #19.  Therefore, the doctrine set forth in *Whitmore v. Arkansas*, 495 U.S. 149 (1990), allowing non-parties to file a habeas petition and establish standing as a "next friend," for a habeas petitioner, does not apply here.  Moreover, a next friend is not a party to the habeas petition he signs on behalf of another, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.*  Abordo wants to remain a co-plaintiff with Ah Sing and be allowed to file motions on Ah Sing's behalf, not to simply pursue Ah Sing's putative habeas action.  Further, to be deemed a next friend in a habeas action, a person must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action.  *Id.* at 163-64; *see also Brewer v. Lewis*, 989 F.2d 1021, 1025-26 (9th Cir. 1993) ("next friend" must prove party to be protected is incompetent to assert his own rights).  Ah Sing signed the original pleading in this action and has made no showing of incompetence, disability, or inaccessibility.  This argument is rejected.

**C.   Abordo May Not Represent Ah Sing**

Abordo has no constitutional right to represent Ah Sing in this action.  *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on

4

his own behalf, he has no authority to appear as an attorney for others than himself.") (internal quotations and citation omitted); *Jorss v. Schwarzenegger*, 168 Fed. Appx. 825 *1 (9th Cir. 2006).

Severing this action and allowing Abordo and Ah Sing to proceed separately does not prevent them from petitioning the government for redress of their grievances, and any claim *Ah Sing* has that Arizona prison officials have failed to provide him reasonable alternative forms of legal assistance, other than help from Abordo, should be directed by Ah Sing to the Arizona court, where the two actions have been transferred.

### III.  CONCLUSION

Abordo fails to demonstrate that this court clearly erred or that its previous decisions were manifestly unjust.  He presents no newly discovered evidence or intervening changes in controlling law.  Rather, he asks the court to rethink what it has already thought through.  That is not a basis for reconsideration.  Abordo's Ex Parte Motion to the Court to Reconsider is DENIED.

IT IS SO ORDERED.

DATED:   HONOLULU, HAWAII, November 28, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Abordo and Ah Sing v. Dep't of Public Safety,* 1:12-cv-00503 LEK-BMK, ORDER DENYING MOTION FOR RECONSIDERATION; G:\docs\prose attys\Recon\DMP\2012\Abordo 12-cv-00503 lek (recon severance).wpd